**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**

**PHILIP HALSRUD**                                                                                          **PLAINTIFF**

**v.**                                                                        **CIVIL ACTION NO. 4:25CV-P186-JHM**

**CITY OF PROVIDENCE POLICE**
**DEPARTMENT** *et al.*                                                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Philip Halsrud filed the instant *pro se* action.  This matter is before the Court on Defendant Judge Ben Leonard's motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) (DN 6).  Plaintiff filed a response to the motion (DN 10), and Defendant Leonard filed a reply (DN 21).  For the reasons that follow, the motion to dismiss will be granted.

**I.**

In the complaint, Plaintiff alleges violations of his Fourth Amendment rights by the Webster County Sheriff's Department, the City of Providence Police Department, and law enforcement officers.  He also sues Defendant Leonard, a judge in Webster County.  The only allegations in the complaint that could be construed as made against Defendant Leonard are: "Plaintiff's 14th Amend. rights were violated when he was never given chance to question false reports and false arrest regaurding involuntary eval.  The court never had hearing or allowed Plaintiff to present evidence or question petition."

**II.**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "The defendant has the burden of showing that the plaintiff has failed to state a claim for relief[.]" *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (citing *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.

Defendant Leonard argues that he is entitled to dismissal because he is afforded absolute judicial immunity from Plaintiff's claims against him. He also argues that Plaintiff fails to show that he has standing to bring any claims against him. In response, Plaintiff elaborates on the facts alleged in his complaint. In reply, Defendant Leonard argues that Plaintiff has failed to allege any conduct on Defendant Leonard's part that is not afforded judicial immunity or to demonstrate that he has standing to sue him.

Judges are entitled to absolute immunity from suit for all actions taken in their judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*,

435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)).  A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly.  *Mireles*, 502 U.S. at 11.  Judicial immunity can be overcome in only two situations—for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11-12; *Stump*, 435 U.S. at 356-57.

It is evident that the actions alleged by Defendant Leonard in the complaint were in the scope of his judicial capacity and not beyond his jurisdictional authority.  As such, Plaintiff's claims against Defendant Leonard must be dismissed for failure to state a claim upon which relief may be granted.[1]  Accordingly,

**IT IS ORDERED** that Defendant Leonard's motion to dismiss for failure to state a claim (DN 6) is **GRANTED**.

Date:    June 3, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of record
4414.010

---

[1] Because the Court will grant the motion to dismiss on this basis, the Court need not address Defendant Leonard's argument based on standing.

3